UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

BRUNSWICK DIVISION

| | |
|---|---|
| A&J MANUFACTURING, LLC, a Georgia limited liability company, | |
| Plaintiff, | Civil Action No.   2:17-cv-22 |
| v. | JURY DEMAND |
| W.C. BRADLEY CO., a Georgia corporation, | |
| CHAR-BROIL, LLC, a Georgia Limited Liability Company, and | |
| ZHEJIANG FUDEER ELECTRIC APPLIANCE CO., LTD., a corporation of the People's Republic of China, | |
| Defendants. | |

COMPLAINT FOR INFRINGEMENT OF U.S. PATENT

PLAINTIFF, A&J MANUFACTURING, LLC, by and through its attorneys, sues Defendants W.C. BRADLEY CO., CHAR-BROIL, LLC, and ZHEJIANG FUDEER ELECTRIC APPLIANCE CO., LTD., for patent infringement.

I.      INTRODUCTION

1.      This is an exceptional case of willful patent infringement.  Not only did Defendants slavishly copy A&J's patented barbecue grill technology, they managed to

-1-

release infringing products at the same time A&J debuted its line of grills featuring the patented technology.  As a result of this willful infringement, Defendants unfairly eroded A&J's market share of grills featuring this new technology.

2.	A&J's technology, which is protected by U.S. Patent No. 9,572,456 (the "'456 Patent'"), is a removable side cover plate.  The plate allows customers to adjust the configurations of their grills and smokers by attaching and removing accessories, such as a side firebox grill or smoker.  The removable side cover plate is an improvement over the previous state of the art -- a side cover plate that could be permanently knocked-out by the consumer, but not reattached.  As a result, a consumer's modification of their barbecue grill was not reversible. A&J's technology allows the consumer to customize their grill by easily adding and removing accessories as needed.

3.	Instead of investing in their own independent product development, Defendants chose to slavishly copy A&J's removable side cover plate in violation of A&J's intellectual property rights.  Defendants currently sell or manufacture barbecue grills that contain a removable side cover plate that is identical to A&J's plate and infringe the '456 Patent.  In fact, the side cover plates of Defendants' grills exactly fit A&J's products equipped with the cover plate and its corresponding aperture in the body of the Char-Griller grill.

4.	Moreover, the Defendants have a history of infringing A&J's intellectual property rights. They were respondents in an International Trade Commission ("ITC") action, 337-TA-895, which involved the infringement of different barbecue grill patents of A&J.  Defendants are also named in a separate patent suit in this court related to the same infringement in the ITC action.

5.      Here, there are only two potential ways defendants could have had known the specific embodiment and specification of the cover plate that A&J intended to commercialize before A&J released its new product line.  First, Defendants had access to A&J's patent applications and technical specifications for the removable side cover plate through discovery responses that A&J served on Defendants as a part of the ITC investigation.  At a minimum, the Defendants were aware of the pending application that became the '456 Patent and knew that they would be infringing the patent once it issued.  Second, Defendants could have obtained A&J's design specification through Fudeer or another Chinese manufacturer.  A&J's products, as well as Defendants,' are manufactured in China.  Fudeer used to make grills for A&J.  During the final hearing of the ITC action, a fact witness for Fudeer admitted that Fudeer could not account for the location of some of the tooling previously used by Fudeer to manufacture A&J products.

6.      A&J seeks injunctive relief and damages against Defendants.  By this action, A&J seeks to put a stop to Defendants' illegal conduct and obtain compensation for the violations that have occurred thus far.

## II.     PARTIES AND NATURE OF THE SUIT

7.      This is an action for infringement of United States patents, in violation of 35 U.S.C. § 271, 281, and 283-285. Plaintiffs seek monetary relief against Defendants, and equitable relief in the form of a permanent injunction against Defendants, barring the manufacture, sale, offer for sale, use or importation of goods that infringe A&J's patent rights.

8.      A&J Manufacturing, LLC is a Georgia limited liability company who designs, develops, manufactures, distributes and sells barbecue smokers, grills, and accessories sold

under the CHAR-GRILLER® trademark.  A&J Manufacturing, LLC has a place of business at 2465 Demere Road, St. Simons Island, Glynn County, Georgia 31522.

9. A&J is the owner, by assignment, of all right, title and interest in U.S. Patent No 9,572,456 (the "'456 Patent'"), entitled "Barbecue Grill With Optimized Interface Attachments". A copy of the '456 Patent is attached as Exhibit A.

10. A&J sells and distributes, within this district and nationwide, grill products sold under the trademarks CHAR-GRILLER® that embody the invention of the '456 Patent. Diagrams illustrating the genuine A&J products are reproduced from an A&J grill owner's manual below:



11. On information and belief, Defendant W.C. Bradley Co. ("Bradley") is a corporation organized and existing under the laws of the state of Georgia, having a principal place of business at 1017 Front Avenue, Columbus, Georgia 31902.

12. On information and belief, Defendant Char-Broil is a Georgia limited liability company, with a principal place of business at 1017 Front Ave. in Columbus, GA.  The company sells CHAR-BROIL® branded grills in the United States and Canada, throughout

Latin America, and Australia.  In addition to the Char-Broil label, the company manages and manufactures a portfolio of outdoor cooking brands including OKLAHOMA JOE®, NEW BRAUNFELS SMOKER COMPANY®, and THERMOS®.

13.     On information and belief, Defendant Zhejiang Fudeer Electric Appliance Co., Ltd. ("Fudeer") is a corporation organized and existing under the laws of the People's Republic of China, having a principal place of business at No. 286, Kaifa Avenue, Taizhou Economic Development Zone, Zhejiang Province China.  Fudeer develops and manufactures barbecue grills, outdoor electric grills, outdoor gas grills, charcoal grills, electric ovens, electric water heaters, and other stamped metal items.  On information and belief, Fudeer manufactures infringing products sold by Char-Broil.

### III.     JURISDICTION AND VENUE

14.     This Court has original subject matter jurisdiction over the causes of action for patent infringement asserted herein, pursuant to 28 U.S.C. §§ 1331 and 1338.

15.     On information and belief, Bradley offers to sell and sells, within this judicial district, barbecue grill products that infringe one or more claims of the '456 Patent.  The accused barbecue grill products are described more fully below.  On information and belief, Bradley has purposefully directed infringing activities toward residents of this district, and has engaged in acts of infringement within this district.  Therefore, this Court has personal jurisdiction over Bradley.

16.     On information and belief, Char-Broil offers to sell and sells, within this judicial district, barbecue grill products that infringe one or more claims of the '456 Patent.  The accused barbecue grill products are described more fully below.  On information and belief, Char-Broil has purposefully directed infringing activities toward residents of this

district, and has engaged in acts of infringement within this district. Therefore, this Court has personal jurisdiction over Char-Broil.

17. On information and belief, Fudeer offers to sell, sells and imports into the United States infringing barbecue grill products offered and sold by Bradley and Char-broil in this judicial district. On information and belief, Fudeer has therefore purposefully directed infringing activities toward residents of this district, and/or has engaged in acts of infringement within this district. Therefore, this Court has personal jurisdiction over Fudeer.

18. The acts of infringement alleged herein against all Defendants arise out of the same transaction, occurrence or series of transactions or occurrences related to the same accused product. Further, questions of fact common to both Defendants will arise in this action. Therefore, joinder of both Defendants in this action is authorized by 35 U.S.C. § 299(a).

19. Venue is proper within this judicial district pursuant to 28 U.S.C. §§1391 (c) and (d), as Bradley and Char-Broil are Georgia entities subject to personal jurisdiction within this district, and Fudeer is an alien corporation not resident in the United States and can be sued in any judicial district under §§1391(c)(3). Further, venue is proper pursuant to 28 U.S.C. §1400(b), as Bradley, Char-Broil, and Fudeer's acts of patent infringement have taken place within this district.

### IV.    FACTUAL BACKGROUND

The '456 Patent

20. A&J protects its innovative products through utility and design patents issued by the United States Patent and Trademark Office ("PTO").

21. A provisional patent application, No. 61/599,088, was filed with the PTO on February 15, 2012.

22. A utility patent application, for what later became the '456 Patent, was filed on February 15, 2013.

23. The PTO issued U.S. Patent No 9,572,456 (the "'456 Patent'"), entitled "Barbecue Grill With Optimized Interface Attachments" on February 21, 2017.

24. The '456 Patent has 20 claims, with three being independent: Claims 1, 14, and 20.  Claim 20 is a means-plus-function claims as authorized by 35 U.S.C. § 112(f).

25. True and correct copies of Figure 10 and Figure 12A of the '456 Patent depicting the preferred embodiment of A&J's removable side cover plate technology is shown below:



**Figure 10**



**Figure 12A**

The ITC Investigation and Discovery Responses

26. A&J previously commenced an International Trade Commission ("ITC") investigation against competitors who were manufacturing, importing, and selling infringing products.  A&J makes dual cooking mode outdoor grills that feature both a gas grill and a charcoal grill on the same support structure. The gas and charcoal grills may be used simultaneously, but independently.  A&J's dual cooking mode grills are protected by U.S. Patent No. 8,381,712, "Simultaneous Multiple Cooking Mode Barbecue Grill." A&J sells these grills as the DUO™ grill in the United States and worldwide.

27. A&J commenced an ITC § 1337 Investigation to halt further imports of these infringing products. Relevant to this suit, Bradley, Char-Broil, and Fudeer were respondents in that investigation and participated in the discovery process.

28. The ITC instituted its investigation on September 26, 2013, based on a Complaint filed by A&J.  78 Fed. Reg. 59373 (Sept. 26, 2013).  The complaint, as amended, alleged violations of section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337, in

the sale for importation, importation, or sale within the United States after importation of certain multiple mode outdoor grills and parts thereof by reason of infringement of the '712 patent.

29.     The Respondents in the ITC action served A&J with a discovery request seeking to learn of any modifications A&J had made or intended to make to the Duo grills at issue in the ITC investigation.

30.     A&J, subject to a protective order, served the Respondents with discovery responses that included the utility patent application for what would become the '456 Patent as well as technical specifications.  Those documents were designated as confidential under the terms of the protective order.  Those documents provided the information necessary for a competitor to recreate A&J's removable side cover plate, and the preferred embodiment of that plate is identical to that in Defendants' infringing products.

31.     In the ITC investigation, the ALJ ultimately found that several respondents infringed A&J's '712 patent and that a violation of section 337 occurred.  The ALJ also found, as a fact, willful copying of A&J's patented technology.  A majority of the Commission, which reviewed the ALJ's decision, found that Bradley, Char-Broil, and Fudeer did not infringe the '712 Patent.  However, one Commissioner, in a dissenting vote, believed that one of Char-Broil's grills did in fact infringe the '712 Patent.  The decision of the ITC finding infringement of the '712 patent was affirmed in a per curiam opinion by the United States Court of Appeals for the Federal Circuit on December 9, 2016.

32. In the pending case in this district that involves the '712 patent, there are also two other design patents that A&J asserts against the grills of the Defendants.[1] Consequently, A&J has sued the defendants for infringing three A&J patents so far, and the '456 Patent and the present suit makes a fourth.

Defendants' Infringing Products

33. Bradley and Char-Broil offer to sell and sell within this judicial district a barbecue grill that includes a removable side cover plate, the Char-Broil Model No. 11201715.

34. The Char-Broil Model No. 11201715 is sold and offered for sale at online and retail stores including Rural King.

35. True and correct images of the Char-Broil Model No. 11201715 attached to a Char-Griller grill demonstrate that the side cover plates of Defendants' Char-Broil's Model No. 11201715 grill exactly fits A&J's products equipped with the cover plate and its corresponding aperture in the body of the Char-Griller grill:

---

[1] The A&J design patents were withdrawn from the ITC action prior to the final hearing and, consequently, the ITC made no determination of infringement regarding them.





Char-Griller Grill Body Inside Wall

Char-Broil Firebox Interior



Char-Griller Grill Body Exterior



Char-Griller Grill Body Interior

Char-Broil Firebox Inside Wall

-12-

36. A true and correct copy of an online listing for the Char-Broil Model No. 11201715 is attached as Exhibit B.

37. Bradley and Char-Broil offer to sell and sell within this judicial district a barbecue grill that includes a removable side cover plate, the Char-Broil Model No. 12301714.

38. The Char-Broil Model No. 12301714 is sold and offered for sale at online and retail stores including Amazon.com, Char-Broil, JCPenney, Jet, Sears, Wal-Mart, Wayfair, and Rural King.

39. True and correct copies of online listings for the Char-Broil Model No. 12301714 are attached as Exhibit C.

40. In addition, Bradley and Char-Broil offer to sell and sell within this judicial district a barbecue grill that includes a removable side cover plate, the Char-Broil Model No. 17302054.

41. The Char-Broil Model No. 17302054 is sold and offered for sale at online and retail stores including Amazon.com, Best Buy, Jet, Lowes, Wal-Mart, and Wayfair.

42. True and correct copies of online listings for the Char-Broil Model No. 17302054 are attached as Exhibit D.

43. In addition, Bradley and Char-Broil offer to sell and sell within this judicial district a barbecue grill that includes a removable side cover plate, the Char-Broil Model No. 17302056.

44. The Char-Broil Model No. 17402056 is sold and offered for sale at online and retail stores including Lowes.

45. A true and correct copy of an online listing for the Char-Broil Model No. 17402056 is attached as Exhibit E.

46. In addition, Bradley offers to sell and sells within this judicial district a barbecue grill that includes a removable side cover plate, the Char-Broil Model No. 17402057.

47. The Char-Broil Model No. 17402057 is sold and offered for sale at online and retail stores including Best Buy, Lowes, and Wayfair.

48. True and correct copies of online listings for the Char-Broil Model No. 17302057 are attached as Exhibit F.

49. Upon information and belief, Fudeer manufactures these products for Char-Broil.

50. Among other features, each of these products comprise a cooking body including side walls and an opening with fastener holes, a single-piece attachment configured to cover the opening, fasteners configured to couple the single-piece attachment to a second set of fastener holes, and fasteners configured to couple the single piece attachment to the cooking body.

## COUNT I

### (Infringement of U.S. Patent No. 9,572,456)

51. A&J incorporates the allegations of the foregoing paragraphs as if fully set forth herein.

52. The actions of Defendants in making, offering to sell, selling and/or importing into the United States at least the above-described products, constitute infringement of one or more claims of A&J's '456 Patent in violation of 35 U.S.C. § 271(a).

53. A&J has been damaged as a direct and proximate result of Defendants' conduct in an amount to be proven at trial, but in no event less than a reasonable royalty.

54. Furthermore, Defendants' infringing acts are of a continual and ongoing nature, resulting in harm to A&J for which A&J has no adequate remedy at law. For that reason, A&J is entitled to equitable relief including injunctive relief pursuant to 35 U.S.C. § 283.

55. On information and belief, Defendants were aware of A&J's patent rights, at least through the publication of the application on August 13, 2013, and Defendants are willfully infringing A&J's '456 Patent.

### PRAYER FOR RELIEF

WHEREFORE, A&J respectfully requests that this Court grant the following relief against Defendants:

A. That pursuant to 35 U.S.C. § 283, Defendants, together with their officers, agents and employees, and all persons acting in concert with them, be permanently enjoined from making, using, importing, selling or offering to sell products that infringe the claims of the '456 Patent, including at least the Char-Broil 12301714, 17302054, 17402057, 17402056, and 11201715 products;

B. That an award of damages enter in favor of A&J and against Defendants adequate to compensate A&J for Defendants' infringement of A&J's patent rights, in no

event less than a reasonable royalty, together with prejudgment interest from the date infringement began, in accord with 35 U.S.C. §284;

  C. That the Court assess increased damages threefold by virtue of Defendants' willful infringement under 35 U.S.C. §284;

  D. That A&J be awarded reasonable attorney fees for bringing this action pursuant to 35 U.S.C. § 285;

  E. Any other remedy to which A&J may be entitled, including all remedies provided for in 35 U.S.C. §§ 284-285, and under any other law;

  F. That A&J be awarded costs, expert witness fees, and such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury as to all issues so triable.

RESPECTFULLY SUBMITTED this 21st day of February, 2017.

/s/ Mark D. Johnson
Mark D. Johnson
Georgia Bar No. 395041
Theresa D. Beaton
Georgia Bar No. 708198
GILBERT, HARRELL, SUMERFORD & MARTIN, PC
777 Gloucester Street
Suite 200
P.O. Box 190
Brunswick, Georgia  31520
mjohnson@gilbertharrelllaw.com
Telephone: (912) 265-6700
Facsimile: (912) 264-3917

ATTORNEYS FOR PLAINTIFF